Dear Mr. James E. McClellan Chairman,
You have asked for our opinion whether, as a general proposition, the "premises" of an alcoholic beverages licensee include the parking lot of a shopping mall where the licensee is only one of multiple tenants. You attached to your request a memorandum of the Assistant County Attorney assigned as counsel to the Board of License Commissioners for Frederick County (the "Liquor Board"), advising that licensed premises do not include a parking lot in those circumstances.
We agree with the conclusion of the Assistant County Attorney. While the meaning of the term "premises" in the State alcoholic beverages law depends on the particular context in which it is used, in most instances the term refers to the place for which the Liquor Board has granted a license and would not pertain to a parking lot shared by a licensee with other tenants of a shopping mall.[1]
 I Meaning of "Premises" in Article 2B
The term "premises" appears frequently throughout the State alcoholic beverages law, which is codified in Article 2B of the Annotated Code of Maryland.[2] However, no generally applicable definition of the term appears in that article.[3] A previous opinion of this Office concluded that the term "premises" does not have a single, immutable meaning in Article 2B; rather, it has "a varied meaning depending on its context and the object to which it is applied." 73 Opinions of the Attorney General 26, 27-28 (1988), quoting Jackson v. Birgfeld, 189 Md. 552, 554, 56 A.2d 793, 795 (1948) (construing scope of a lease of premises described by street number).
A number of examples demonstrate that most uses of the term "premises" in the alcoholic beverages law refer explicitly or implicitly to the physical location for which a license is granted. Article 2B generally requires that an application for a license contain a statement of "[t]he particular place for which a license is desired, designating the same by street and number if practicable; if not, by such other apt description as definitely locates it," as well as a description of "the portion of the building in which the business will be conducted." § 10-103(b)(7).[4] Other paragraphs of that subsection use the term "premises" as a shorthand reference to the place at which the licensed business is located. See § 10-103(b)(8) (license application must contain name of owner of premises), (b)(15) (application must contain statement that no manufacturer or wholesaler has a financial interest in the premises), (b)(18) (requiring certificate from local citizens attesting that premises are suitable for alcoholic beverages business).
Other sections of Article 2B that relate to the application for a license use the term "premises" in the same sense. Under § 10-202, notice of an application for a license, specifying "the location of the place of business proposed to be licensed," must be published and, in certain jurisdictions, posted "upon the premises described in the application." § 10-202(a), (b). See also § 10-208 (when new application may be considered for same "premises" after refusal to issue license).
Section 9-102 states a general rule that, subject to certain exceptions, "no more than one license shall be issued for the same premises." In a 1936 opinion, Attorney General O'Conor concluded that an earlier version of this provision did not preclude the issuance of two licenses for separate "premises" in the same building. Thus, one license could be issued for a tavern on the first floor of a building, and another for a night club on the second floor, the two floors having separate entrances and no direct connection. 21 Opinions of the Attorney General 106 (1936). See also 73 Opinions of the Attorney General 26, 30-31 (1988) (separate buildings on a single tract of land are separate "premises" for which different licenses may be issued).
Provisions of Article 2B relating to specific classes of licenses generally authorize license holders to keep pertinent categories of alcoholic beverages for retail sale "at the place described in [the license]" and then authorize, restrict, or prohibit consumption "on the premises." See, e.g., § 3-101 et seq. (beer licenses); § 5-101 et seq. (beer and light wine licenses); § 6-101 et seq. (beer, wine, and liquor licenses). In construing one of those sections,[5] this Office previously concluded that the terms "place" and "premises" denote the particular location described in the license. 73 Opinions of the Attorney General 26 (1988). Thus, a licensee could not operate a bar and restaurant in one building, and a package goods store in a second building on the same tract of land, under a single license. The opinion reasoned that a broader construction of the term would be inconsistent with the legislative policy requiring that suitability of the location for an alcoholic beverages business be judged on the basis of the precise location proposed. Id. at 28.
Other statutory restrictions on storage and consumption related to the "premises" of a licensee also appear to refer to the location specified in the license. See, e.g., § 12-107(b)(1) (unlawful for any person to drink "on the licensed premises" alcoholic beverages not purchased from that license holder on those premises or not permitted to be consumed on those premises); § 12-105 (alcoholic beverages may be stored only on the "premises covered by the license").
In most other contexts, it is also clear that "premises" denotes the location described in an alcoholic beverages license. See § 10-405 (procedure for revoking license if nudity or certain sexually related activity occurs on premises for which the license was issued); § 10-504 (expiration of license after holder vacates or is evicted from premises for which license was issued); § 12-104(b) (manufacturer or wholesaler prohibited from having a financial interest in the premises of a retailer); § 15-103(f) (license commissioners in Frederick County may not have any interest in premises where alcoholic beverages are sold or manufactured).
Finally, the courts have interpreted statutory provisions granting law enforcement authority with respect to "premises" to permit enforcement only within the precise location described in an alcoholic beverages license. For example, under § 16-405, the State Comptroller and local boards of license commissioners are authorized "to inspect and search, without warrant, at all hours, any building, vehicle and premises in which any alcoholic beverages are authorized to be kept . . . or sold under a license issued under [the alcoholic beverages law]" (emphasis added). Court decisions construing earlier codifications of this provision held that the term "premises" refers to "that part, and only that part, of the building or premises in which alcoholic beverages are sold." Miller v. State, 174 Md. 362, 374,198 A. 710 (1938) (statute did not authorize police officers to enter the defendant's apartment, located in the same building as a tavern, without a warrant); Brown v. State, 3 Md. App. 90, 95,238 A.2d 147 (1968) (statute did not authorize warrantless search of toilet stall in restroom of bar).
On the other hand, there are a few instances in Article 2B where the term "premises," though undefined, clearly pertains to a location that is not the subject of a license. Such a broader meaning is clear from the context. See, e.g., § 1-201(a) (general prohibition against sale, possession, or transportation of alcoholic beverages on "any premises" in the absence of a license); § 3-101(b) (in Allegany County, package of beer purchased from holder of Class A beer license may not be opened or consumed on "any premises" in which licensee has an interest); § 6-701(f) (licensed caterer may serve alcoholic beverages on "unlicensed premises"); § 8-216(c) (prohibition against consumption of alcoholic beverages in Montgomery County on "any premises open to the public" unless permitted by alcoholic beverages law).
There are also several provisions of the alcoholic beverages law indicating, by definition or implication, that the term "premises" may include a parking lot that forms "an integral part of the licensed premises."[6] None of these specific provisions applies in Frederick County; moreover, it seems unlikely that the shared parking lot of a shopping mall would be considered an "integral part" of the licensed premises of a single tenant.
Thus, as a general rule, the term "premises" as used in the alcoholic beverages law denotes the particular place described in the license application, and frequently only the specific portion of a building in which sales of alcoholic beverages are conducted. The provisions of Article 2B applicable in Frederick County do not appear to contemplate that the licensed premises will include a parking lot shared with other unrelated tenants of a shopping mall.[7]
 II Conclusion
For the reasons stated, we conclude that the "premises" of an alcoholic beverages licensee generally do not extend to the parking lot of a shopping mall where the licensee is only one of multiple tenants.
J. Joseph Curran, Jr. Attorney General
Judith A. Armold Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] You have not asked, and we do not address, the extent to which the Liquor Board could take action against a licensee based on the off-premises conduct of the licensee or others.
[2] All statutory references in this opinion are to Article 2B.
[3] While a number of provisions expressly define "premises" for specific purposes, none of those definitions applies in Frederick County. E.g., § 5-101(n)(3)(i) (beer and light wine licenses in Harford County); § 6-201(h)(2)(iii)2A (beer, wine, and liquor licenses for hotels and restaurants in Carroll County); § 6-201(h)(4)(i)2 (same); § 11-304(c)(2) (restictions on consumption in Anne Arundel County); § 11-304(n)(1)(ii)2 (restrictions on consumption in Hartford County); § 12-201(j) (restrictions applicable in certain licensed premises in Allegany County); § 12-213(c) (general definitions of "premises" applicable in Hartford County); cf. § 16-414(j) (defining "place" for purposes of enforcement provisions relating to Queen Anne's County).
[4] "The description of the place where a licensee will carry on the business is supplied by the licensee in applying for the license." 73 Opinions of the Attorney General 26, 29 (1988).
[5] That opinion construed the term "premises" in the section, now codified at § 6-401, governing the issuance of Class D beer, wine, and liquor licenses.
[6] For example, provisions applicable in Harford County state that the term "premises" includes "any building, parking lot, terrace, or grounds which form an integral part of the licensed premises." § 5-101(n)(3)(i), § 12-213(c) (emphasis added). An identical definition appears in a provision requiring the posting of license limitations on the "premises" of a licensee in Allegany County. § 12-201(j). However, that definition is limited in its application. See 73 Opinions of the Attorney General 26, 27 (1988) (prior codification of § 12-201(j) did not define "premises" or "place" for purposes of statute governing scope of license in Allegany County).
Without explicitly defining the term, a provision applicable in Anne Arundel County implicitly adopts the same definition. § 8-202(f) (liquor board may permit the sale of alcoholic beverages "in any parking lot, picnic grounds, building or terrace which forms an integral part of the licensed premises") (emphasis added).
[7] It is important to note that some prohibitions in the alcoholic beverages law extend beyond the "licensed premises." For example, the law prohibits the consumption of alcoholic beverages, as well as the possession of alcoholic beverages in open containers, "on the mall, adjacent parking area, or other outside area of any combination of privately owned retail establishments, [like] a shopping center, [where] the general public is invited for business purposes, unless authorized by the owner of the [shopping center]." §§ 19-202,19-301(b). These provisions obviously would apply to a shared parking lot.
 *Page 72